JUDGE ELLIS



**FILED**
7/1/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | No. 22 CR 53 |
| v. | |
| MATTHEW JAMAAL JOHNSON | Judge Sara L. Ellis |

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant MATTHEW JAMAAL JOHNSON, and his attorney, MICHAEL REDIGER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.    The indictment in this case charges defendant with knowingly making a false statement in connection with the acquisition of a firearm from a federally licensed firearms dealer, in violation of Title 18, United States Code, Section 922(a)(6) (Counts 1-12).

3.    Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Six, which charges defendant with knowingly making a false statement in connection with the acquisition of a firearm from a federally licensed firearms dealer, in violation of Title 18, United States Code, Section 922(a)(6).

## Factual Basis

6.    Defendant will plead guilty because he is in fact guilty of the charge contained in Count Six of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about January 7, 2021, at Mokena, in the Northern District of Illinois, Matthew Jamaal Johnson, in connection with the acquisition of a firearm, namely, a Sarsilmaz B6C 9x19 pistol, bearing serial number T1102-20G52271; a Sarsilmaz B6C 9x19 pistol, bearing serial number T1102-20G52354; a Taurus G3C 9mm pistol, bearing serial number ABM280439; a Taurus G3C 9mm pistol, bearing serial number ABN335193; a Taurus G3C 9mm pistol, bearing serial number ABN335634; and a Taurus G3C 9mm pistol, bearing serial number ABN335510, from Shoot Point Blank, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious statement to the licensed dealer, which statement was intended and likely to deceive the licensed dealer, as to a fact

2

material to the lawfulness of the sale of said firearms to the defendant under Title 18, United States Code, Chapter 44, in that the defendant represented on ATF Form 4473 that he was the buyer of the firearms, when in fact, as the defendant then knew, he was not the actual buyer of the firearms.

More specifically, on January 27, 2021, Johnson went to a Shoot Point Blank in Mokena, Illinois, with the purpose of buying firearms for another person in exchange for money. He purchased the above-mentioned six firearms on behalf of another individual. As part of the process in purchasing the six firearms, Johnson filled out an ATF Form 4473, Firearms Transaction Record. In response to question 21.a on the ATF Form 4473, which asked, "are you the actual transferee/buyer of the firearm(s) listed on this form?" Johnson falsely answered "yes" when, in fact, as Johnson then knew, he was not the actual transferee/buyer of the firearm but was actually purchasing the firearms for another individual in exchange for cash. In making that false statement, Johnson intended to deceive the dealer about a fact that Johnson acknowledges was material to the lawfulness of the sale of the firearms to him.

In addition, on eleven other occasions, Johnson knowingly made false and fictitious statements to a federally licensed firearms dealer on ATF Form 4473s, which statements were intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale of a firearm or firearms. On those eleven occasions, Johnson purchased a total of 21 firearms for other individuals. Johnson

3

purchased the firearms in exchange for cash from the intended recipients. Johnson admitted to knowing that one of the individuals he purchased guns for was a drug dealer. He also admitted that he knew that individual's girlfriend had a FOID card. At each purchase, he falsely claimed on a Form 4473 that he was the actual purchaser of the firearms. Johnson's purchases are summarized below:

| Date | Location | Firearms |
|---|---|---|
| April 23, 2020 | Eagle Sports Range, Oak Forest | a Ruger EC9S 9mm pistol, bearing serial number 457-41939 |
| June 20, 2020 | Shoot Point Blank, Mokena | a Taurus G2C 40 caliber pistol, bearing serial number ABC440321, and a Taurus G2S 9mm pistol, bearing serial number ABD462940 |
| December 11, 2020 | Eagle Sports Range, Oak Forest | a Glock G35 .40 caliber pistol, bearing serial number VTS737 and an HS Produkt Springfield XD-40 .40 caliber pistol, bearing serial number BY465554 |
| December 18, 2020 | Eagle Sports Range, Oak Forest | a Beretta APX 9mm pistol, bearing serial number A097033X |
| December 30, 2020 | Shoot Point Blank, Hodgkins | a Taurus G2S .40 caliber pistol, bearing serial number AMB229363, a Taurus G3C 9mm pistol, bearing serial number ABM282900, and a Taurus G3C 9mm pistol, bearing serial number ABM293611 |
| January 20, 2021 | Shoot Point Blank, Hodgkins | an SCCY CPX-2 9mm pistol, bearing serial number C040868; an SCCY CPX-2 9mm pistol, bearing serial number C036963, and a Kahr Arms CW9 9mm pistol, bearing serial number G017565 |
| January 22, 2021 | Shoot Point Blank, Mokena | a Tisas-Trabzon M1911 .45 caliber pistol, bearing serial number T0620-20723029, and a Sarsilmaz B6C 9mm |

4

| | | pistol, bearing serial number T1102-20G52355 |
|---|---|---|
| March 4, 2021 | Shoot Point Blank, Hodgkins | a Taurus G3 9mm pistol, bearing serial number ACA477548, and a Taurus G3 9mm pistol, bearing serial number ACA480800 |
| March 16, 2021 | Shoot Point Blank, Mokena | a SCCY Industries CPX-1 9mm pistol, bearing serial number C114741, and a Glock 44 .22 caliber pistol, bearing serial number AEZC041 |
| March 29, 2021 | Pelcher's Shooters Supply, Lansing | a Glock 19x 9mm pistol, bearing serial number AFBG973 |
| April 6, 2021 | Eagle Sports Range, Oak Forest | a Glock G43X 9mm pistol, bearing serial number BTGR707, and a Taurus G3C 9mm pistol, bearing serial number ACB565528 |

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider

5

that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 14, pursuant to Guideline §2K2.1(a)(6).

6

ii. Pursuant to Guideline §2K2.1(b)(1)(C), the offense level is increased by six levels because the offense involved between 25 to 99 firearms.

iii. Pursuant to Guideline §2K2.1(b)(6)(B), the offense level is increased by four levels because defendant transferred a firearm with reason to believe it would be used or possessed in connection with another felony offense.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

v. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 21, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 37 to 46 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

8

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

15. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 22 CR 53.

16. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

17. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

10

a.    **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering

11

each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.      **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

18.      Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights

12

specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

19.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

20.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which

13

defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

22.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

24.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

25.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any

term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

15

28.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: ___7/1/2022___

_____
JOHN R. LAUSCH, JR.
United States Attorney

_____
MARGARET A. STEINDORF
Assistant U.S. Attorney

_____
MATTHEW JAMAAL JOHNSON
Defendant

_____
MICHAEL REDIGER
Attorney for Defendant

16