**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 22 CR 0053** |
| | ) | |
| | ) | **HON. SARA L. ELLIS** |
| **MATTHEW J. JOHNON** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES the Defendant, Matthew Johnson, ("Matt" and/or "Mr. Johnson") by his attorney, Michael E. Rediger, and pursuant to the Federal Rules of Criminal Procedure, Rule 32.1(g) submits the following Sentencing Memorandum:

1.      **FACTUAL CORRECTIONS**:

Mr. Johnson has read the Presentence Investigation Report with the assistance of counsel, and he indicates that there are no factual corrections.

2.      **SENTENCING**:

After *Booker,* the United States Sentencing Guidelines are just "advice" and "judges' "freedom to impose a reasonable sentence outside the range is unfettered." *See U.S. v. Demaree*, 459 F.3d 791 (7th Cir. 2006). The Supreme Court has ruled that "...the sentencing court does not enjoy the benefit of a legal presumption that the Guideline sentence should apply." *See Rita v. U.S,* 127 S.Ct. 2456 (2007). In fact, District Courts are no longer required, or permitted, to simply defer to the Sentencing Commission's policies. *See Rita v. U.S,* 127 S. Ct. 2456, 2468 (2007).

The primary directive of 18 U.S.C. § 3553(a) is to impose a sentence that is "sufficient, but not greater than necessary to achieve the purposes of sentencing. Merely reciting the factors is not enough. Instead, the court must provide some analysis of how the factors apply to the

1

facts." *See U.S. v. Cunningham,* 429 F.3d 673, 675-679 (7th Cir. 2005). The district court may conclude that the Guideline sentence fails to reflect §3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate "regardless." *Rita,* at 127 S.Ct 2456, 2463 (2007).

In the case at bar, the Defense, along with Probation, assert that in Mr. Johnson's case, the Court should impose a <u>below guideline</u> sentence. As set forth herein, the Defense asserts that in order to fashion a sentence that is "sufficient, but not greater than necessary to achieve the purposes of sentencing" Mr. Johnson's sentence should be a total period of incarceration of thirteen (13) months. The Defense offers the following arguments in support of its position and echoes much of the justifications set out in Probation's Sentencing Recommendation which argues for a period of incarceration of only two months more, fifteen (15) months.

**A.** **Sentencing Pursuant to Guidelines:**

1.      When imposing a sentence, a district court must first calculate the advisory Guideline range and then select a sentence within or outside the range in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir.2006). Under the Guidelines, the calculations are as follows:

**A.** **Base Offense Level on Count 6-False Statement to Firearm Dealer: (12)**

(1)     Probation has calculated Mr. Johnson's base offense level for Count 6 at 12, pursuant to USSG §2K2.1(a)(7). The defense agrees with Probation that the Government's initial calculation of 14 for the plea agreement is incorrect. To that end, the defense adopts the argument made in the PSR, para 15, page 7.

**B.** **Specific Offense Characteristics (+6)**

(1)     Pursuant to USSG §2K2.1(b)(1)(C) the offense level is increased by 6 levels because the offense and relevant conduct involved approximately 28 firearms. (More than 25 but less than 99)

**Specific Offense Characteristics (+4)**

(2)     Pursuant to USSG §2K2.1(b)(6)(B) the offense level is increased by 4 levels because the defendant transferred a firearm with reason to believe it will be used or possessed in connection with another felony offense.

**C.      Acceptance of Responsibility (-3)**

(1)     Mr. Johnson has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline §3E1.1(a). Therefore, Mr. Johnson is entitled to a two (2) level reduction in the offense level.

(2)     In addition, Mr. Johnson has timely notified the government of his intention to enter a plea of guilty. Therefore, assuming the Court determines that Mr. Johnson's offense level is 16 or greater prior to consideration of whether Mr. Johnson is entitled to acceptance of responsibility; Mr. Johnson should receive an additional one (-1) point reduction in his offense level.

**D.      Total Offense Level**

(1)     Notably, Defendant's criminal history points equal 1 and defendant's **criminal history category is I:**

(2)     Based on the above, defendant's total offense level has been determined by the probation department to be 19 and his criminal history category is I, which results in an anticipated advisory Guideline range of 30 to 37 months.

**B.** **Application of Statutory §3553(a) Sentencing Factors**

    **1.** **The §3553(a) Factors Favor a Below-Guideline Sentence.**

Since *Booker*, the guideline range is but one factor of many to be considered under 18 §U.S.C. 3553(a). *See Booker,* 543 U.S. at 249. The Court is also required to examine "the nature and circumstances of the offense and the history and characteristics of the defendant.") *see also United States v. Ranum,* 353 F. Supp. 2d 984, 985 (E.D. Wis. 2005) (Adelman, J.).

    **A.** **<u>Mr. Johnson Has A Complete Lack of Criminal History and As Such, Should Receive a Below Guideline Sentence</u>**

In *U.S. v. Robertson,* 662 F.3d 871 (7th Cir. 2011) the court stated, "Sentencing policy recognizes that a **within-Guidelines sentence may be inappropriately high** when reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.". This case represents Mr. Johnson's first real involvement with any law enforcement in his 35 years of life. As such, he has 0 criminal history points and has a criminal history category of I. Mr. Johnson has never been convicted of a felony. He has never been sent to the penitentiary and this is his first experience with the sentencing process.

As such, a district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category of I, in its §3553(a) analysis. *U.S. v. Huckins* 529 F.3d 1312 (10th Cir. 2008). Further, as is set out in the USSC's own research suggesting that that proper application of 3553(a) in the case of a "true" first offender now strongly supports a below-guideline variance because of 3553(a)(2)(C) and in 3553(a)(6). Finally, "The analysis [of empirical data on re-offending] delineates recidivism risk for offenders with minimal prior criminal history and shows that the risk is lowest for offenders with the least experience in

4

the criminal justice system. Offenders with zero criminal history points, like Mr. Johnson, have lower recidivism rates than offenders with one or more criminal history points. Even among offenders with zero criminal history points, offenders who have never been arrested have the lowest recidivism risk of all."); US v. Duane, 533 F.3d 441 (6th Cir. 2008). As a result, a below guideline sentence of a total of 13 months is appropriate for Mr. Johnson.

**B.  Nature and Circumstance of the Offense**

Mr. Johnson does not dispute the offense conduct summarized in his plea agreement. Suffice it to say, he is remorseful for his actions. Clearly, Mr. Johnson's decision to give false information was at least, in part, motivated by making money. Notably, the offense conduct summarized in his plea agreement and his related conducted does not include any crime of violence.

**C.  Defendant's History and Characteristics**

Subparagraph (1) of 18 U.S.C. §3553(a) requires courts to consider "the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1) (West 2005). These include considering factors such as a defendant's age, education and vocational skills, mental and emotional condition, physical condition (including drug or alcohol dependence), Employment record, family ties and responsibilities, socio-economic status, civic and military contributions, and lack of guidance as a youth. *U.S. v. Ramun*, 353 F. Supp. 2d at 986. Not all of these characteristics are examined within this Sentencing Memorandum, however, it is important to highlight the following characteristics which support Matt receiving the sentence of thirteen (13) months incarceration.

**D.  Education and Employment History**

Mr. Johnson's strong employment history favors a below guideline sentence. Matt received

5

his High School Diploma from Thornton High School in 2006 and has maintained full-time employment for approximately the past 10 years, Matt has worked mostly as a commercial truck driver and has had his commercial Driver's License (CDL) since 2012. Most Importantly, Matt aspires to own his own truck and to start a trucking business. In short, Mr. Johnson has a viable plan in place for his life after he serves his period of incarceration.

**E.** **Pursuant to 28 U.S. Code § 994(j) – "Duties of the Commission," it could be argued that Mr. Johnson should not be incarcerated at all.**

29 U.S.C. § 994 (j)- "Duties of the Commission" states in pertinent part:

> The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence ***other than imprisonment*** in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury. [emphasis added].

As a continuation of the argument set forth in Section A of this memorandum, Mr. Johnson is a first-time offender and has not been convicted of a crime of violence. In regard to his offense conduct, it is easy to argue that as a first-time offender Mr. Johnson should not receive any period of incarceration. There would be no question that if probation was an option for Matt, he would be an excellent candidate. As such, the thirteen (13) month period of incarceration as argued herein is certainly a sentence that is "sufficient, but not greater than necessary to achieve the purposes of sentencing." when considering the intent of 29 U.S.C. § 994 (j).

## Conclusion

Striking a just balance between punishment for a crime and consideration for a life that has potential for positive rehabilitation is difficult. Although Matt did commit a serious offense, he has fully accepted responsibility for his actions and plead guilty before this Court. Clearly, in Mr.

Johnson's case, given his complete lack of criminal history, a long period of incarceration makes little sense. Based on all of the above, Mr. Johnson requests that this Court impose a total sentence of thirteen (13) months incarceration. There are very few policy reasons that would justify imposing the Guideline sentencing sought by the government in light of the numerous §3553(a) factors which are present in this case.

Respectfully submitted,

s:/    Michael E. Rediger
      Attorney for Defendant

A.R.D.C 6225900
The Rediger Law Firm
161 North Clark
Chicago, Illinois 60601
mrediger@redatlaw.com
ph. (312) 342-7174.