UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    22 CR 53 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| MATTHEW JAMAAL JOHNSON | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Between April 2020 and April 2021, defendant MATTHEW JAMAAL JOHNSON purchased at least 27 firearms in 12 different transactions. For each of these transactions, defendant falsely reported to the dealer that he was the actual buyer of the firearms, when in fact, he was buying the firearms for other people in exchange for money. Several of the firearms that defendant purchased have been recovered from crimes in the Chicago area. For the reasons set forth below, a bottom of the guidelines sentence of 30 months is sufficient, but not greater than necessary, considering the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

**I.      Offense Calculation and Guidelines Range**

A.      <u>PSR Calculation of Offense Level</u>

Pursuant to the 2021 Sentencing Guidelines Manual, the PSR calculates the total offense level as follows (PSR ¶¶ 14–25). The government agrees.

| 12 | Base Offense Level (USSG §2K2.1(a)(7)) |
|---|---|
| +6 | The offense involved between 25 to 99 firearms (USSG §2K2.1(b)(1)(C)) |
| +4 | The defendant transferred a firearm with reason to believe it would be used or possessed in connection with another felony offense (USSG §2K2.1(b)(6)(B)) |
| -3 | Acceptance of responsibility (USSG §3E1.1(a)) |
| **19** | **Total Offense Level** |

### B. Criminal History

The PSR determines, and the government agrees, that defendant's criminal history score is zero and his criminal history category is I. PSR ¶ 35.

### C. Advisory Guidelines Range

With an offense level of 19 and a criminal history category of I, defendant's advisory guidelines range is 30–37 months. PSR ¶ 62.

The statutory maximum term of imprisonment is 10 years, or 120 months. 18 U.S.C. §§ 922(a)(6) and 924(a)(2); PSR ¶ 61.

## II. The §3553(a) Factors Support Imposition of Guidelines Sentence of 30 Months' Imprisonment

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

manner." § 3553(a)(2)(A)-(D). In order to determine the sentence to impose, the court must consider the statutory factors listed in §3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. §3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, the statutory sentencing factors reflect that a guideline sentence of 30 months is sufficient, but not greater than necessary.

A.     Seriousness, Nature, and Circumstances of Offense

The seriousness, nature, and circumstances of the offense demonstrate that a sentence of 30 months is warranted. Over the course of a year, defendant purchased at least 27 different handguns in 12 different transactions from suburban Chicago gun stores. PSR ¶¶ 6, 8. Each of those transactions was a crime—defendant falsely reported on the ATF Firearms Transaction record ("ATF Form 4473") that he was the actual buyer of the firearms when in fact, he knew he was not. Defendant was purchasing the firearms for other individuals in exchange for cash. PSR ¶ 8. He knew that one of those individuals was a drug dealer, and yet, he agreed to purchase firearms for him. *Id.* And defendant purchased these firearms over, and over, and over again. It was not a hypothetical, when defendant purchased those 27 guns, whether they would be used in the commission of other crimes. PSR ¶ 17. And in fact, several of the guns defendant purchased have been recovered at crimes in the Chicago

3

area—including in several traffic stops, a high speed chase, and in a backpack along with suspected MDMA pills and cannabis. *See* GVO "Firearm Recoveries." Defendant not only committed a very serious crime himself, but also enabled others to commit crimes in a city ravaged by gun violence. A guideline sentence is warranted to reflect the seriousness of this offense and its ramifications.

B.      History and Characteristics of Defendant

The government notes both aggravating and mitigating factors in defendant's background. In mitigation, defendant has only minor prior convictions, resulting in no criminal history points. PSR ¶¶ 33, 34. Defendant graduated from high school and has remained gainfully employed since 2015. PSR ¶ 54–57. In aggravation, defendant's needs were met growing up and defendant's mother reported this offense was "very out of character." PSR ¶¶ 41–46. Defendant's background indicates that he should have known better than to commit this crime. Despite being employed and having a stable home, defendant appears to have been motivated by money or friendship. Balancing defendant's history and characteristics and the seriousness of the offense, a bottom of the guidelines sentence is appropriate.

C.      The Need to Afford Adequate Deterrence

In addition to deterring this defendant's future criminal conduct, the sentence imposed should have general deterrent effects. *See* 18 U.S.C. § 3553(a)(2)(B); *United States v. Warner*, 792 F.3d 847, 860 (7th Cir. 2015) (noting general deterrence to criminal conduct is an important sentencing goal); *United States v. Mendoza*, 576 F.3d 711, 722 (7th Cir. 2009) (noting that general deterrence is a factor to consider).

As this Court is well aware, gun and gang violence continue to plague the city of Chicago. This crime is not a technical violation; a checkmark on a form—defendant acted as a straw purchaser to knowingly buy firearms for individuals in exchange for money. And defendant knew that at least one of the individuals was a drug dealer. Defendant purchased guns for people who either could not purchase the guns themselves or did not want to. And then the guns ended up in the hands of other individuals, who committed other serious crimes. In order to deter others who might engage in similar conduct, who enable the continual gun violence that plagues Chicago, this Court's sentence should reflect the seriousness of these actions.

## III. Supervised Release

The government recommends that the Court impose the maximum period of supervised release of three years. *See* PSR ¶ 64. It agrees with the conditions proposed in the PSR. *Id.* at ¶ 65.

## IV.    Conclusion

In view of the Section 3553(a) factors, a bottom of the guideline sentence of 30 months is fair, reasonable, and sufficient, but not greater than necessary. For these reasons, the government respectfully requests that this Court impose a sentence of 30 months.

Respectfully submitted,

JOHN R. LAUSCH, JR.
UNITED STATES ATTORNEY

By:    */s/ Margaret A. Steindorf*
Margaret A. Steindorf
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Dated: October 12, 2022

6